**FILED**

Joseph H. Schmaus
3735 Melkat Ln.
Helena, MT 59602
Telephone: (406) 437-4534
joeschmaus@gmail.com

**JUN 0 9 2017**

Clerk, U.S. District Court
District Of Montana
Helena

*Plaintiffss, Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| SCHMAUS FAMILY PROEPRTIES, LLC., a Montana Limited Liability Company, and JOSEPH H. SCHMAUS | ) ) ) ) | Cause No. $W$ 17.68.H.DLC-JTJ |
| Plaintiffs, | ) ) ) | **COMPLAINT** |
| v. | ) ) ) | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, MICHAEL NEDD, in his official capacity as United States Bureau of Land Management Director; JON RABY, in his official capacity as United States Bureau of Land Management State of Montana Director, SCOTT HAIGHT, in his official capacity as Field Manager of the United States Bureau of Land Management Butte, Montana Field Office, UNITED STATES BUREAU OF RECLAMATION, ALAN MIKKELSEN, in his official capacity as Acting Commissioner of the United States Bureau of Reclamation and STEVE DAVIES, in his official capacity as Montana Area Manager of United States Bureau of Reclamation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

COMES NOW, the Plaintiffs, and state their complaint against the United States

of America as follows:

### I.    INTRODUCTION & NATURE OF THE ACTION

1.    This is an action for quiet title through declaratory relief by requiring the

Federal Defendants, United States of America, Bureau of Land Management (BLM),

---

Complaint for Quiet Title                                                                 Page 1

Bureau of Reclamation (BOR) and its responsible officials, in their official capacities, to provide the Plaintiffs a recognized right-of-way easement, as required by the General Mining Act of 1872, 30 U.S.C. §§22 *et seq.* ("Mining Act") and Montana State law, for the access to and enjoyment of the Plaintiffs Fatigue Lode patented mining claim.

2.      Specifically, the Plaintiffs challenge the BLM's and BOR's violations of, and failure to comply with, the General Mining Act of 1872, 30 U.S.C. §§22 *et seq.* and the Laws of the State of Montana pertaining to easements.   The Mining Act, as amended, is codified at 30 U.S.C. §§22-54 and generally provides for citizens to claim land for the purpose of mining and access to such claims.   Montana Code Annotated Title 70, Chapter 17; Part 1 Servitudes -- Easements generally provides that once an easement is established it attaches to the land and its burden passes with the transfer of title.

3.      More specifically, the Plaintiffs challenge the BLM and/or BOR requirement to apply for a right-of-way, travel variance or a special use permit in order to use or maintain the road to access the Fatigue Lode.

4.      The General Mining Act of 1872 grants the right to patent public lands for the purpose of recovering the minerals within the claim boundaries.   Lode Mining Act of 1866, 14 Stat. 251.   General Mining Act of 1872, 17 Stat. 91, later codified at 30 U.S.C. §§22-24, 26-28, 29, 30, 33-35, 37, 39-43, and 47.

5.      The General Mining Act of 1872 provides that claim owners "shall have the exclusive right of possession and enjoyment of the entire surface included within the lines of their locations." 30 U.S.C.A. § 26.   This generally provides for rights-of-way through public and reserved lands of the United States for the access to and enjoyment of mining claims, in order that the claim owner may exercise his "exclusive right of

possession and enjoyment".

6. BLM and BOR land are reserved lands. *See Chicago, Milwaukee, & St. Paul Railway Co. of Idaho v. United States*, 244 U.S. 351, 356 (1917)

7. The General Mining Act of 1872 is subject to the Federal Land Policy and Management Act of 1976 ("FLPMA"), but FLPMA does not effect a claim owners' right to access a mining claim that was patented prior to FLPMA's effective date of October 21, 1976. 30 U.S.C. §28j(a). *See also* 43 U.S.C. § 1701.

8. A portion of the BLM lands that are the subject of this dispute are fee simple land purchased by the BLM from the Conservation Fund located to wit: Sections 1, 2, 10, 11, 12, 22, & 23, T9N, R1W; P.M.M.; these lands are "fee" lands.

9. The "reserved" BLM and BOR lands that are the subject of this dispute are located to wit: Sections 1, 6, 7,

## II. JURISDICTION AND VENUE

10. The Plaintiffs bring this action to quiet title, pursuant to the Quiet Title Act, 28 U.S.C. §§1346(f) and 2409a, for a recognized right-of-way easement through BLM and BOR lands.

11. The Federal Defendants have consented to waiver of sovereign immunity in civil actions, pursuant to 28 U.S.C. §§1346(f) and 2409a, to adjudicate disputes regarding real property in which the United States claims an interest.

12. The Plaintiffs also bring this civil action for a writ of mandamus, pursuant to 28 U.S.C. § 1361, in order to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiffs." The Plaintiffs seek to compel the United States of America, the Bureau of Land Management and Bureau of

Reclamation to provide the Plaintiffs a recognized right-of-way easement, pursuant to the General Mining Act of 1872, 30 U.S.C. §§22 *et seq.* for the access to and enjoyment of the Plaintiffs patented mining claim and Montana Code Annotated 70-17-109.

13.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, because this action arises under the laws of the United States, including the General Mining Act of 1872, 30 U.S.C. §§ 22 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §2201, the Quiet Title Act, 28 U.S.C. §§1346(f) and 2409a, and the Equal Access to Justice Act, 28 U.S.C. §2412.  An actual, justiciable controversy now exists between the Plaintiffs and the Federal Defendants, therefore, this Court may declare the rights and other legal relations of the parties in this action under 28 U.S.C. §§2201 and 2202.

14.     This action is against the United States and is founded upon an Act of Congress.  Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(a)(2).

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(e) and 1402(d), because a substantial part of the events giving rise to the claims herein occurred within the State of Montana and the public lands that are the subject of this action, owned and managed by the BLM and BOR, are located within the State of Montana.

16.     This case is ripe for judicial review because the Federal Defendants' employees, officers, and agents have unlawfully interfered with, and will continue to interfere with and deny, the Plaintiffs right-of-way easement granted pursuant to the General Mining Act of 1872, 30 U.S.C. §§22 *et seq.* and Montana State Law.

17.     The Court also has jurisdiction over this action pursuant to 5 U.S.C. § 701 *et seq.* (providing for judicial review of federal agency action under the Administrative Procedure Act).

## III. PARTIES

18.   Plaintiffs Schmaus Family Properties, LLC (SFP) is a Montana Limited Liability Company with its principal place of business located at 3735 Melkat Ln. Helena, MT 59602. SFP owns, holds, and maintains the deed to the real property in the Fatigue Lode M.S. 9437 to wit: S01, T09 N, R01 W; Broadwater County, Montana.

19.   Joseph H. Schmaus, is a resident of the Lewis and Clark County, Montana.

20.   The Defendant United States Bureau of Land Management is an agency of the United States Department of Interior charged with management of the departmental lands at issue in accordance and compliance with the laws of the State of Montana and the United States.

21.   Defendant United States Bureau of Reclamation is an agency of the United States Department of Interior charged with management of the departmental lands at issue in accordance and compliance with the laws of the United States

22.   The Defendant Michael Nedd is the Director of the U.S. Bureau of Land Management, a department of the United States Department of Interior ("Director"). As Director, he is responsible for the direction and supervision of all operations and activities in the BLM. In that capacity, he, his agents, and his employees are charged with implementing the requirements of the General Mining Act of 1872 on BLM lands and following Montana State laws pertaining to easements on acquired "fee simple" lands such as those commonly referred to as the McMaster's Ranch located in the Spokane Hills of Broadwater and Lewis and Clark County, Montana, purchased by the United States from The Conservation Fund.

23.   The Defendant Jon Raby is the Montana State Director of the U.S. Bureau

of Land Management, a department of the United States Department of Interior ("Director"). As the Montana State Director, he is responsible for the direction and supervision of all operations and activities for the BLM within the State of Montana. In that capacity, he, his agents, and his employees are charged with implementing the requirements of the General Mining Act of 1872 on BLM lands and following laws pertaining to easements on acquired "fee" lands such as the McMasters Ranch property.

24.    Defendant Scott Haight is Field Manager of the United States Bureau of Land Management Field Office located in Butte, Montana and is sued in his official capacity. As Field Manager, Defendant Haight is responsible for the direction and supervision of all operations and activities pertaining to BLM lands located within its management district. In that capacity, the Defendant and his agents and employees are charged with implementing the statutory and regulatory requirements relating to the use of acquired "fee" and "reserved" lands it manages.

25.    Defendant Alan Mikkelsen is Acting Commissioner of the United States Bureau of Reclamation and is sued in his official capacity. As "Acting Commissioner", he is responsible for the direction and supervision of all operations and activities for the BOR. In that capacity, he, his agents, and his employees are charged with implementing the requirements of the General Mining Act of 1872 on BOR lands.

26.    Defendant Steve Davies is the Montana Area Manager of United States Bureau of Reclamation and is sued in his official capacity. As "Montana Area Manager", he is responsible for the direction and supervision of all operations and activities for the BOR in the State of Montana. In that capacity, he, his agents, and his employees are charged with implementing the requirements of the General Mining Act of 1872 on BOR lands.

## IV.   FACTS

27.    The lands owned by the United States of America that are the subject of this litigation are located in Sections 1, 2, 6, 7, 10, 11, 12, 22, & 23, T9N, R1W; P.M.M.

28.    The "reserved" BLM and BOR lands that are the subject of this dispute are located Sections 1, 6, 7, & 12

29.    The lands owned in "fee" by the United States and acquired by the BLM that are the subject of this litigation are located in 1, 2, 10, 11, 12, 22, & 23, T9N, R1W; P.M.M.

30.    The property owned in fee by the Plaintiff's that is the subject of this litigation is the Fatigue M.S. 9437 Patented Mining Claim.  It is located in Section 1, Township 9 North, Range 1 West; P.M.M. Broadwater County, Montana.

31.    On the 17th day of June, 2005, the BLM acquired 2428.94 acres, more or less, of real property from The Conservation Fund of Arlington, VA as part of the acquisition of the McMasters Ranch located in Broadwater and Lewis and Clark Counties, Montana by way of General Warranty Deed, Document Number 150703, which contains a deed restriction restricting the purchaser or its assigns from granting "rights of way" through the acquired parcels to other lands.

32.    One day prior, June 16th, 2005, the BLM acquired an EXCLUSIVE ROAD EASEMENT, RE-070-114H, MTM 93288-03 from the Conservation Fund of Arlington, VA.

33.    On February 8, 2011, the BLM acquired 320 acres, more or less, of the McMasters Ranch Property by way of Warranty Deed, Document Number 164928, from the Conservation Fund of Arlington, VA.

34.    On November 4, 2011, the BLM acquired 855.61 acres, more or less, by

way of Warranty Deed, Document Number 166353, from the Conservation Fund of
Arlington, VA.

35.     Joseph H. Schmaus filed a civil litigation complaint with the First Judicial
District Court Broadwater County, Montana over the easement in question and although
this lawsuit was ongoing, an obvious cloud on the title, the BLM closed the sale of the
final phase of the acquisition of the McMaster Ranch.

36.     The EXCLUSIVE ROAD EASEMENT, RE-070-114H, MTM 93288-03
negates the deed restriction placed on General Warranty Deed, Document Number
150703, and every subsequent deed that followed as part of the full acquisition of the
McMasters Ranch by the United States.

37.     The Plaintiffs had applied for a Right-of-Way through the lands acquired
by the BLM, the McMaster Ranch lands, and the reserved lands managed by the BLM
and BOR which the existing road passes.

38.     The Plaintiffs Right of Way application it filed with the BLM was denied
due to the deed restrictions placed on the aforesaid deeds. At a meeting over the
aforesaid ROW application between Joseph H. Schmaus and Defendant Scott Haight of
the BLM Butte Field Office, Mr. Haight refused to accept that the EXCLUSIVE ROAD
EASEMENT, RE-070-114H, MTM 93288-03 was the document he could rely upon to
process and grant the Plaintiff their request Right of Way.

39.     The Plaintiffs Right of Way application it filed with the BOR was lost
according to the BOR representative Joseph H. Schmaus spoke with while inquiring
about its statues. A BOR representative informed Joe that he would have to apply for a
"Special Use Permit" in order to use and maintain the portion of the existing road that
crosses BOR lands.

40. The BLM can and could have processed the Plaintiffs Right of Way applications under the EXCLUSIVE ROAD EASEMENT, RE-070-114H, MTM 93288-03 because it is an easement to the "United State", "the people of the United States" and to "Licensees and Permittees" of the United States.

41. The Plaintiffs Fatigue Lode patented mining claim became an Inholding due to the BLMs' acquisition of the McMasters Ranch.

42. The BLM and BOR are required by federal law and/or federal regulation to provide "reasonable access" to Inholdings; specifically to the Plaintiffs for accessing the Fatigue Lode.

43. The BLM has issued "Travel Variances" to the Plaintiffs for the purpose of accessing the Fatigue Lode upon the road described in the Exclusive Road Easement and known as the Fatigue Access Road.

44. Upon information and belief, the road used to access the Fatigue Lode was laid out and constructed by the miners who located the Fatigue Lode in 1907.

45. Prior to the date of patent of the Fatigue lode in 1917, all the land in the direct vicinity of the Fatigue Lode and those lands comprising the Fatigue Lode itself, were owned by the United States of America.

46. The Fatigue Lode was located and patented more than 10 years prior to any of the lands that would eventually make up the McMasters Ranch were homesteaded and patented.

47. Prior to 1917, the Plaintiffs predecessors in interest used the Public Domain lands that surrounded the Fatigue Lode to discover, locate, claim, work and to eventually patent the Fatigue Lode establishing an Implied Easement, pursuant to State of Montana law, through the lands the BLM acquired as part of the McMasters Ranch

acquisition which is the existing road they now use to access the Fatigue Lode.

48.     The BOR lands that are subject to this litigation are "fee" lands acquired by the United States of America by Eminent Domain.  Pursuant to State of Montana law, these lands are burdened by the easement that is the subject of these proceedings.  The Plaintiffs nor their predecessors in interest have been compensated for the governmental taking of this easement.

49.     The lands acquired by BLM from The Conservation Fund that are subject to this litigation were purchased by the United States of America.   These lands were burdened by the easement that is the subject of these proceedings.

50.     According to the U.S. Department of Justices' Title Standards, the BLM was required to provide the Plaintiffs with a written easement prior to closing the sale between of the McMaster Ranch property.

51.     The BLM's failure to provide the Plaintiffs with a written easement, its failure to acknowledge their Implied Easement or Easement of Necessity and its failure to further recognize their easement rights established by the EXCLUSIVE ROAD EASEMENT, RE-070-114H, MTM 93288-03  constitutes a "takings" which is a violation of the 5th (Fifth) Amendment of the United States Constitution.

## COUNT I
## QUIET TITLE IN A RIGHT-OF-WAY EASEMENT ACROSS BLM and BOR LANDs (EASEMENT)

52.     The Plaintiffs re-allege and incorporate all prior allegations.

53.     This case presents an actual controversy within this Court's jurisdiction and there is an important need for this Court to declare the rights and other legal relations among the parties interested in the matters herein. The Uniform Declaratory

Judgment Act accords courts the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. The Act is remedial and it is to be liberally construed and administered to permit courts to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.

54.    The Plaintiffs bring this civil action, pursuant to the Quiet Title Act, 28 U.S.C. §§ 1346(f) and 2409a, for a recognized right-of-way easement through BLM and BOR lands for the access to and enjoyment of the Plaintiffs patented mining claim pursuant to the General Mining Act of 1872 and Montana State Law.

55.    The nature of the right, title or interest, which the Plaintiffs claim in the real property at issue, was acquired as an implied easement by reference to the Fatigue patent and the 1872 mining law and an Implied Easement of Necessity pursuant to the laws of the State of Montana.

56.    The nature of the Plaintiffs right, title or interest in the real property at issue was acquired pursuant to the General Mining Act of 1872, 30 U.S.C. §26, which states that a claim owner is entitled to possess and enjoy the claim.  Possession and enjoyment could not have been achieved without access to the property and therefore, an easement was granted under the said act.

57.    Under Montana State Law, an easement to access, operate, possess, and enjoy the Plaintiffs Fatigue Lode patented mining claim vests upon an Implied Easement.  The Public Domain lands that eventually made-up the McMasters Ranch were removed from the Public Domain through homestead patents.  The easement in question was established through those lands prior to their patents being issued and therefore the McMaster Ranch property now owned by the United States and managed by the BLM and the BOR lands acquired by Eminent Domain are burdened by and

subject to the existing easement.

58. The nature of the right, title, or interest, which the Federal Defendants claim in the real property herein, lies in the fact that the Federal Defendants own and manage the lands which encompass the Plaintiffs patented mining claims at issue herein.

59. Based on the opinion of Defendant Scott Haight and the BLM Solicitors Office in Billings, Montana, the BLM refuses to recognize that the Plaintiffs have an Implied Easement or a legal right to a right-of-way established by the EXCLUSIVE ROAD EASEMENT, RE-070-114H, MTM 93288-03.

60. If a recognized right-of-way existed, the Plaintiffs would not be liable for any trespass to the United States for the access to and enjoyment of the Plaintiffs patented mining claim. At the same time, the BLM nor the BOR may preclude or unreasonably interfere with the reasonable exercise of the rights of those who hold valid rights-of-way that cross lands managed by those departments.

61. Furthermore, the Plaintiffs bring this action in order to enjoy unfettered use and development of the Plaintiffs' patented mining claim without fear of administrative, civil, or criminal liability for any alleged unauthorized activity or trespass.

62. Judicial relief is necessary and appropriate, pursuant to the Quiet Title Act, in order to recognize that such a right-of-way exists, to ensure access at all times for the access to and enjoyment of the Plaintiffs patented mining claim, without BLM or BOR approval or notification.

63. As a matter of law, the Plaintiffs are entitled to an easement in order to access their patented mining claim.

## COUNT II
## DECLARATORY JUDGMENT RECOGNIZING A RIGHT-OF-WAY
## EASEMENT ACROSS BLM LAND (DECLARATORY JUDGMENT)

64.     The Plaintiffs re-allege and incorporate all prior allegations.

65.     Title 28 U.S.C. § 2201 authorizes this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

66.     This action seeks to quiet title through declaratory relief by requiring the Federal Defendants to provide the Plaintiffs a recognized right-of-way, as required by the General Mining Act of 1872, Implication and Operation of Law, i.e. Exclusive Road Easement, for the access to and enjoyment of the Plaintiffs Fatigue Lode patented mining claim.

67.     The nature of the right, title or interest, which the Plaintiffs claim in the real property at issue, was acquired by the General Mining Act of 1872 and the Codes and Statues of the State of Montana pertaining to rights-of-way and easements.

68.     The nature of the Plaintiffs right, title or interest in the real property at issue was acquired pursuant to the General Mining Act of 1872, 30 U.S.C. §26, which states that a claim owner is entitled to possess and enjoy the claim.  Possession and enjoyment cannot be achieved without access to the property.  Therefore, an easement was granted to access the Plaintiffs Fatigue Lode for access to and enjoyment thereof.

69.     Under the General Mining Act of 1872, 30 U.S.C. §§ 22 *et seq.*, an easement to access and enjoy the Plaintiffs Fatigue patented mining claim, located within the boundaries of BLM and BOR lands in the Spokane Hills of Broadwater County, Montana, vested upon the filing of the patent in 1917 and transferred to the Plaintiffs by deed.

70.     Under Montana State Law, the vesting of the easement by the United States through the General Mining Act of 1872 created and Implied Easement which burdened all future patented lands that the subject easement passes because said Right of Way easement was establish prior to those lands being removed in fee from the Public Domain.

71.     Montana State Law, MCA 70-20-308 <u>Easements to pass with property</u> states: *A transfer of real property passes all easements attached thereto and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred for the benefit thereof at the time when the transfer was agreed upon or completed.* The BLM acquired the McMaster's Ranch property from the Conservation Fund subject to the easement that is the subject of these proceedings.

72.     The BLM may process Right of Way application for right of way through the lands it acquire from the Conservation Fund that are burdened by EXCLUSIVE ROAD EASEMENT, RE-070-114H, MTM 93288-03 because the Exclusive Road Easement was executed prior to any deeds containing the deed restriction; prohibiting it from granting rights-of-way through or upon those lands conveyed by said easement.

73.     Judicial relief is necessary and appropriate, pursuant to the Declaratory

Judgment Act, in order to recognize that such a right-of-way may already exist or maybe created, to ensure access at all times for the access to and enjoyment of the Plaintiffs patented mining claim, without BLM or BOR approval or notification.

## COUNT III
## WRIT OF MANDAMUS TO COMPEL THE FEDERAL DEFENDANTS TO PROVIDE A RIGHT-OF-WAY EASEMENT ACROSS FEDERALLY OWNED LANDS

74.     The Plaintiffs re-allege and incorporate all prior allegations.

75.     Title 28 U.S.C. § 1361 authorizes this Court to compel an officer of the United States to perform a duty owed to the Plaintiffs. Section 1361 specifically states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiffs."

76.     The Plaintiffs have a clear right to the relief sought to compel the BLM and BOR to provide a right-of-way easement across their lands upon the existing road known as the Fatigue Access Road. The Plaintiffs claim is clear and indisputable and the Federal Defendants' duty is plainly defined, preemptory and owed to the Plaintiffs.

77.     The nature of the right, title or interest, which the Plaintiffs claim in the real property at issue, was acquired as an Implied Easement through operation of Montana State Law ("Operation of Law") as a result of the U.S.A. providing patents to the homesteaders of those lands already burdened by the easement that is the subject of this matter.

78.     If this Court finds that an easement does not exist pursuant to Mining Law of 1872 or implication pursuant to Montana Law, something the Plaintiffs feel is

impossible, then the nature of the right, title or interest, which the Plaintiffs claim in the real property at issue, was acquired through EXCLUSIVE ROAD EASEMENT, RE-070-114H, MTM 93288-03.

79.     The nature of the Plaintiffs right, title or interest in the real property at issue was acquired pursuant to the General Mining Act of 1872, 30 U.S.C. §26, which states that a claim owner is entitled to possess and enjoy the claim. Possession and enjoyment cannot be achieved without access to the property. Therefore, an easement is required to access the Plaintiffs Fatigue Lode for access to and enjoyment of thereof.

80.     Under the General Mining Act of 1872, 30 U.S.C. §26, an easement to access and enjoy the Plaintiffs Fatigue patented mining claim, located in the Spokane Hills of Broadwater County, Montana, vested upon the filing of the patent in the late 1900's – as early as 1917.

81.     A writ of mandamus is necessary and appropriate in order to compel the BLM and BOR to provide the Plaintiffs a right-of-way easement across departmental lands. Such an easement is necessary to ensure access at all times for the access and enjoyment of the Plaintiffs patented mining claim.

82.     The Federal Defendants in this action have a plainly defined and peremptory duty to provide the Plaintiffs a right-of-way easement over the BLM and BOR lands at issue herein. The duty of the BLM in this action is a positive command and so plainly prescribed as to be free from doubt.

83.     No other adequate remedy is available from the BLM or BOR, because only the Federal district courts have original jurisdiction to invoke mandamus and to quiet title.

(this space intentionally left blank)

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court order judgment as follows:

A.    A declaratory judgment that the Plaintiffs Fatigue patented mining claim was filed in 1917 and an easement was vested thereupon;

B.    A declaratory judgment that the Plaintiffs are entitled to a recognized right-of-way easement over BLM and BOR lands pursuant to the General Mining Act of 1872, 30 U.S.C. §26;

C.    A declaratory judgment quieting title in the Plaintiffs for a right-of-way easement over the BLM and BOR lands at issue herein, pursuant to the General Mining Act of 1872, 30 U.S.C. § 22 *et seq.* and Montana State Law.

D.    A declaratory judgment that the Plaintiffs are entitled to access, at all times, for the access to and enjoyment of the Plaintiffs patented mining claim, without BLM or BOR approval or notification;

E.    A declaratory judgment that the Plaintiffs are not liable for any trespass to the United States for the access to and enjoyment of the Plaintiffs patented mining claim, and that the BLM or BOR may not preclude or unreasonably interfere with the reasonable exercise of the rights of those who hold valid rights-of-way easements within the boundaries of BLM or BOR lands;

F.    A court order in the nature of a writ of mandamus compelling the authorized officers of the BLM and BOR to provide the Plaintiffs a recognized right-of-

way easement over there departmental lands respectively at issue herein, pursuant to the General Mining Act of 1872, 30 U.S.C. §§22 *et seq., DOJ Title Standard Guide Lines, and Montana law*;

G.     Award Plaintiffs their reasonable costs, litigation expenses, and attorney's fees associated with this litigation pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and all other applicable authorities; and

H.     Grant such further and other relief as the Court deems just and proper.


RESPECTFULLY SUBMITTED this 9th day of June, 2017.


Joseph H. Schmaus

Schmaus Family Properties, LLC

By:_____
        Joseph H. Schmaus, Individually and as
        Manager of Schmaus Family Properties,
        LLC.


Subscribed and sworn to before me this _____ day of June, 2015.


_____

(SEAL)                    Notary Public for the State of Montana

                          _____
                          Printed Name

                          Residing at:_____

Complaint for Quiet Title                                          Page 18