IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| SCHMAUS FAMILY PROPERTIES INC. and JOSEPH H. SCHMAUS, | ) ) ) ) | CV-17-68-H-DLC-JTJ |
| Plaintiff, | ) ) | |
| vs. | ) ) | **AMENDED FINDINGS AND RECOMMENDATIONS** |
| UNITED STATES BUREAU OF LAND MANAGEMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Joseph H. Schmaus ("Mr. Schmaus") and Schmaus Family Properties, LLC (collectively "Plaintiffs") filed this action on June 9, 2017. (Doc. 1). Plaintiffs failed to provide the Court with a proof of service of summons and complaint on the Defendants. Accordingly, on February 27, 2018, the Court ordered that Plaintiffs file proof service of summons and complaint on the Defendants on or before March 27, 2018, or their case would be dismissed without prejudice. (Doc. 3 at 2).

On March 19, 2018, in response to the Court's Order to show cause, Plaintiffs filed a Motion to Amend Complaint and to Extend Time for Service of Summons and Complaint ("Motion to Amend"). (Doc. 4). The Motion to Amend

1

sought an additional 120 days to amend the Complaint and to serve the summons and amended complaint on the Defendants. (Doc. 5 at 3).

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within **90 days** after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs argue that they need an additional 120 days to amend the complaint and serve the Defendants. Plaintiffs state that because the alleged wrongdoing by the United States Bureau of Land Management ("BLM"), the United States Bureau of Reclamation ("USBR"), and their respective officers is ongoing, it will require Plaintiffs to amend their complaint as more wrongs are committed. (Doc. 5 at 2). Secondly, Plaintiffs argue that they have recently discovered new evidence which they will use to prove their case, but due to the nature of the evidence, it will not be available until after April 2, 2018, at which time they need to amend their complaint. (*Id.*) Finally, Plaintiffs state that dismissal, even without prejudice, would highly prejudice them because the twelve-year statute of limitations for their quiet title cause of action has since expired and they would be barred from pursuing that claim. (*Id*. at 3).

A summons is a legal document which 1) includes the name of the court and

parties, 2) is directed to the defendant, 3) states the name and address of the plaintiff's attorney (or plaintiff's address if pro se), 4) states the time within which the defendant must appear and defend, 5) notifies the defendant that failure to appear and defend will result in default, 6) is signed by the clerk, and 7) bears the court's seal.  Fed. R. Civ. P. 4(a).  "A summons–or a copy of a summons that is addressed to multiple defendants–must be issued for each defendant to be served." Fed. R. Civ. P. 4(b).  Finally, Fed. R. Civ. P. 4(c) states that a summons "must be served with a copy of the complaint."  Therefore, from the date they filed their complaint, Plaintiffs had 120 days in which to serve a copy of their Complaint and a summons on each the respective Defendants in order to avoid dismissal. Furthermore, Fed. R. Civ. P. 4(l) requires that "[U]nless service is waived, proof of service must be made to the court."

     Plaintiffs bear the burden of proving that "good cause" exists to excuse a delay in service of process.  *Lepone-Demsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).  At minimum, good cause requires a showing of a good faith effort by the plaintiff and a reasonable basis, beyond plaintiff's control, for failing to comply with the Rules, such as a service-evading defendant, a pending bankruptcy stay, or a sudden illness or a natural catastrophe.  *See Mann v. Castiel*, 681 F.3d 368, 374-75 (D.C. Cir. 2012); *see also De Tie v. Orange County*,

152 F.3d 1109, 1111-12 (9th Cir. 1998); *Matasareanu v. Williams*, 183 F.R.D. 242, 246 (C.D. Cal. 1998).

Plaintiffs seem to conflate service of a summons on each of the Defendants with amending their complaint.  In their brief in support of their motion, Plaintiffs provide several arguments for good cause to amend their complaint.  Amending pleadings is governed by Fed. R. Civ. P. 15(a).  As the Ninth Circuit has noted on several occasions, the "Supreme Court has instructed the lower federal courts to heed carefully the command of [Fed. R. Civ. P. 15(a)] by freely granting leave to amend when justice so requires."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cit. 1987) (quoting *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986)).

The good cause offered by Plaintiffs, however, does not excuse their apparent failure to serve a summons on each of the Defendants pursuant to Fed. R. Civ. P. 4.  The presence of an ongoing injury and the existence of new evidence may be relevant to whether a court would grant leave to amend a complaint, but are not relevant to Plaintiffs' failure to comply with Fed. R. Civ. P. 4 and serve Defendants with a summons and file proof of such service with the Court.  Furthermore, Plaintiffs' claim that they will be prejudiced by the tolling of the statute of limitations is not a compelling argument.  "Courts have been generally

unforgiving [] when a late filing is due to claimant's failure 'to exercise due diligence in preserving his legal rights.' " *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (quoting *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

The Court finds that Plaintiffs have not met their burden to show good cause to grant an extension of time for them to serve each of the Defendants with a summons. Therefore, the district court should deny Plaintiffs' Motion to Amend with respect to their request to extend time for service. The Court's February 27, 2018 Order (Doc. 3) should remain in effect; Plaintiffs must properly serve each Defendant and file proof of service of a summons and complaint on each Defendant on or before March 27, 2018, or their claim should be dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m).

If Plaintiffs provide proof of service on or before March 27, 2018, and the case is not dismissed, the Court will determine whether good cause exists to grant Plaintiffs leave to file an amended complaint, mindful of the Ninth Circuit's mandate to apply Fed. R. Civ. P. 15(a) with "extreme liberality." *DTD Programs*, 833 F.2d at 186 (citation omitted).

Additionally, the Court finds that Plaintiff Schmaus Family Properties, LLC, should be dismissed from this action without prejudice because it is not represented

5

by a licensed attorney admitted to practice in the United States District Court for the District of Montana. The Schmaus Family Properties, LLC is listed as a plaintiff in this action alongside Mr. Schmaus, who is representing himself as a pro se litigant. (*See* Doc. 1). Although "parties may plead and conduct their own cases personally," see 28 U.S.C. § 1654, "the right to proceed pro se in civil cases is a personal right" and a person appearing pro se has no authority to represent others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (citations and quotation marks omitted). Accordingly, Plaintiff Schmaus Family Properties, LLC, may not proceed without counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309-10 (2d Cir. 1991) (partnership not allowed to be represented by non-attorney partner); Local Rule 83.8(b) ("Any entity other than an individual, including but not limited to a

corporation, an unincorporated association, a partnership, or a union, may appear only by an attorney"). Because Schmaus Family Properties, LLC is not represented by counsel, the district court should dismiss it as a plaintiff in this action without prejudice.

Based on the foregoing, the Court **FINDS**:

1. Plaintiffs have not met their burden to show good cause to allow for an extension of time to file proof of service, as required by the Court's February 27, 2018 Order (Doc. 3).

2. Plaintiff Schmaus Family Properties, LLC, is not represented by counsel.

Therefore, the Court **RECOMMENDS**:

1. Plaintiffs' Motion to Amend Complaint and to Extend Time for Service of Summons and Complaint (Doc. 4) should be denied with respect to Plaintiff's request for an extension of time to file proof of service on each the Defendants.

2. Plaintiff Schmaus Family Properties, LLC, should be dismissed without prejudice.

DATED this 27th day of March, 2018.

John Johnston
United States Magistrate Judge